EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Asociación de Maestros de Puerto Rico, *et als.* <br><br> Peticionarios <br><br> v. <br><br> Sistema de Retiro para Maestros de Puerto Rico, *et als.* <br><br> Recurridos <br><br> _____ <br><br> Educadores/as por la Democracia, Unidad, Cambio, Militancia y Organización Sindical, Inc., por sí y en representación de sus miembros, et als. <br><br> Peticionarios <br><br> v. <br><br> Sistema de Retiro para Maestros de Puerto Rico, *et als.* <br><br> Recurridos | 2015 TSPR 89 <br><br> 193 DPR ____ |

Número del Caso: CT-2014-2
                 CT-2014-3


Fecha: 30 de junio de 2015


**CT-2014-2**

Abogados de la Parte Peticionaria:

        Lcdo. Rafael A. Nadal Arcelay
        Lcda. Melissa López Díaz
        Lcdo. Ramón Rosario Cortés
        Lcdo. Carlos Rivera Vicente

Abogados de la Parte Recurrida:

        Lcda. Alba L. Ortiz Morales
        Lcdo. Rafael Escalera Rodríguez
        Lcda. Alana M. Vizcarrondo Santana


Parte Interventora:

        Lcda. Vanessa Carballo Santiago
        Lcdo. Francisco González Magaz

Oficina de la Procuradora General:

      Lcda. Margarita Mercado Echegaray
      Procuradora General

      Lcda. Tanaira Padilla Rodríguez
      Subprocuradora General

      Lcda. Amarilis Ramos Rodriguez
      Procuradora General Auxiliar

      Lcdo. Zarel Soto Acaba
      Procurador General Auxiliar

Departamento de Justicia:

      Lcda. Claudia Juan García

**CT-2014-3**

Abogados de la Parte Peticionaria:

      Lcdo. Rafael Ortiz Mendoza
      Lcdo. Jorge Farinacci Fernós

Abogados de la Parte Recurrida:

      Lcda. Alba Ortiz Morales
      Lcdo. Rafael Escalera Rodríguez

Parte Interventora:

      Lcda. Vanessa Carballo Santiago
      Lcdo. Francisco González Magaz

Oficina de la Procuradora General:

      Lcda. Margarita Mercado Echegaray
      Procuradora General

      Lcda. Tanaira Padilla Rodríguez
      Subprocuradora General

      Lcda. Amarilis Ramos Rodriguez
      Procuradora General Auxiliar

      Lcdo. Zarel Soto Acaba
      Procurador General Auxiliar

Departamento de Justicia:

      Lcda. Claudia Juan García

Materia: Resolución del Tribunal con Voto Particular de Conformidad y Voto particular Disidente

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Asociación de Maestros de Puerto Rico, *et als.*<br><br>Peticionarios<br><br>v.<br><br>Sistema de Retiro para Maestros de Puerto Rico, *et als.*<br><br>Recurridos<br>_____<br><br>Educadores/as por la Democracia, Unidad, Cambio, Militancia y Organización Sindical, Inc., por sí y en representación de sus miembros, et als.<br><br>Peticionarios<br><br>v.<br><br>Sistema de Retiro para Maestros de Puerto Rico, *et als.*<br><br>Recurridos | CT-2014-0002<br>CT-2014-0003 | Certificación Intrajurisdiccional |

RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de junio de 2015.

Atendida la *Moción sobre Incumplimiento de Sentencia* presentada por la parte peticionaria, Educadores/as por la Democracia, Unidad, Cambio, Militancia y Organización Sindical, Inc. y por la parte interventora Educadores Puertorriqueños en Acción, se provee no ha lugar porque el foro adecuado es el Tribunal de Primera Instancia.

Lo acordó y ordena el Tribunal, y lo certifica la Secretaria del Tribunal Supremo. Todos los Jueces intervinieron por Regla de Necesidad. El Juez Asociado señor Martínez Torres emitió un Voto particular de conformidad al cual se unió la Juez Asociada señora

Rodríguez Rodríguez. La Jueza Asociada Oronoz Rodríguez emitió la siguiente expresión:

La Jueza Asociada Oronoz Rodríguez está conforme con declarar no ha lugar la *Moción sobre Incumplimiento de Sentencia* presentada por Educadores/as por la Democracia, Unidad, Cambio, Militancia y Organización Sindical, Inc. y la parte interventora Educadores Puertorriqueños en Acción (en conjunto, peticionarios). También está conforme con que se le instruya a que presenten su reclamo ante el Tribunal de Primera Instancia pues el Tribunal Supremo no tiene jurisdicción en esta etapa para atender el asunto que se trae a nuestra atención. Ello porque la jurisdicción de este Tribunal sobre el caso de epígrafe culminó cuando remitió el mandato al Tribunal de Primera Instancia, luego de que la sentencia emitida en Asociación de Maestros de Puerto Rico, *et al*. v. Sistema de Retiro para Maestros de Puerto Rico, *et al.*, 190 DPR 854 (2014), adviniera final y firme. Es un asunto tan sencillo que no amerita mayor explicación.

Ello no implica que los peticionarios se queden sin remedio; solo tienen que presentar su reclamo ante el foro adecuado. El hecho de que la controversia originalmente se haya expedido mediante certificación intrajurisdiccional no cambia ese hecho, ni le otorga jurisdicción a un tribunal cuando no la tiene. Hablar, pues, de "cuántos jueces están bailando sobre el sable de la injusticia" --como si referir un asunto al foro correcto para que se dilucide en los méritos y respetar cabalmente nuestro marco jurisdiccional fuera una gran injusticia-- no es más que otra imagen alegórica auto complaciente, bajo un subterfugio falso de justicia, de las que lamentablemente abundan en este Tribunal.

Por último, cabe señalar que lo preocupante en esta situación no es que se le indique a una parte cuál es el foro adecuado para presentar su reclamo; sino que varios jueces de este Tribunal parecen estar prejuzgando un asunto que con gran probabilidad estará próximamente ante nuestra consideración. Eso es motivo de preocupación pues, sin lugar a dudas, una de las partes no tendrá un foro de última instancia imparcial que revise las determinaciones de los foros inferiores.

La Jueza Asociada señora Pabón Charneco y los Jueces Asociados señor Kolthoff Caraballo, señor Rivera García y señor Estrella Martínez atenderían la moción y la

referirían al Tribunal de Primera Instancia para vista de desacato. La Jueza Asociada señora Pabón Charneco emitió la siguiente expresión a la que se unió el Juez Asociado señor Kolthoff Caraballo:

> La Jueza Asociada señora Pabón Charneco disiente y hubiera remitido directamente este asunto al Tribunal de Primera Instancia para comenzar un procedimiento de desacato. Debe recordarse que este asunto se atendió directamente por este Tribunal mediante un recurso de certificación, por lo que asumimos jurisdicción del mismo por reconocer su carácter trascendental y de alto interés público. Por eso, ante un reclamo por parte de los peticionarios en el cual se detalla el abierto desafío a las órdenes y dictámenes de este Tribunal, hubiera remitido directamente la *Moción sobre Incumplimiento de Sentencia* a la atención del foro de instancia. Al no hacerlo, una Mayoría del Tribunal ignora y, por consiguiente, ratifica el incumplimiento de nuestras órdenes. ¿Qué mensaje se envía cuando este Tribunal convalida un desafío a su autoridad de esta magnitud? Difícilmente puede concebirse la afronta que hoy ratifica una Mayoría del Tribunal como una mera "teorización acerca de cuántos ángeles pueden bailar en la cabeza de un alfiler". Voto Particular de Conformidad de Martínez Torres, J., pág. 5. Lamento que esa sea la visión de algunos miembros de este Tribunal cuando sus órdenes son ignoradas. A fin de cuentas, poco importa saber cuántos de estos ángeles pueden bailar en la cabeza de un alfiler, si tenemos certeza de cuántos jueces están bailando en el sable de la injusticia.
>
> Como no puedo prestar mi voto para convalidar un desafío a la autoridad de este Tribunal, y ya que difiero de la revocación *sub silentio* de *AMPR et als. v. Sist. Retiro de Maestros V*, 190 DPR 854 (2014), disiento de la determinación de la Mayoría del Tribunal. En consecuencia, hubiera remitido el asunto directamente al foro de instancia para el comienzo del procedimiento de desacato.

El Juez Asociado señor Estrella Martínez emitió un Voto particular disidente al cual se unió el Juez Asociado señor Rivera García.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Asociación de Maestros de Puerto Rico, *et als.*<br><br>    Peticionarios<br><br>        v.<br><br>Sistema de Retiro para Maestros de Puerto Rico, *et als.*<br><br>    Recurridos<br>_____<br><br>Educadores/as por la Democracia, Unidad, Cambio, Militancia y Organización Sindical, Inc., por sí y en representación de sus miembros, et als.<br><br>    Peticionarios<br><br>        v.<br><br>Sistema de Retiro para Maestros de Puerto Rico, *et als.*<br><br>    Recurridos | CT-2014-0002<br>CT-2014-0003 | Certificación Intrajurisdiccional |

Voto particular de conformidad emitido por el Juez Asociado señor MARTÍNEZ TORRES al cual se unió la Juez Asociada señora RODRÍGUEZ RODRÍGUEZ

En San Juan, Puerto Rico a 30 de junio de 2015.

La norma de que un tribunal solo puede actuar en un caso si tiene jurisdicción no es un "estorbo". Voto particular disidente del Juez Asociado señor Estrella Martínez, pág. 9. Es la base en la que se sustenta el

ejercicio del poder judicial. Sin jurisdicción, un tribunal no puede actuar.

A pesar de esto, se sugiere que atendamos la moción de la parte peticionaria, Educadores/as por la Democracia, Unidad, Cambio, Militancia y Organización Sindical, Inc. (EDUCAMOS) y de la parte interventora Educadores Puertorriqueños en Acción (EPA), y la refiramos al Tribunal de Primera Instancia. Se nos dice que como nuestro sistema judicial es unificado, podemos trasladar a nuestra consideración cualquier asunto que esté pendiente en cualquier tribunal de Puerto Rico, sin sujeción a las reglas de competencia. Esa posición no tuvo el aval del Tribunal en Alvarado Pacheco y otros v. ELA, 188 DPR 594 (2013), y solo fue adoptada por su propulsor en un voto particular. En aquel entonces, señalamos que el poder de la Asamblea Legislativa para legislar cuál será la competencia de los tribunales, Const. P.R., Art. V, Sec. 2, LPRA, Tomo 1, no puede utilizarse para privar a este Tribunal de la jurisdicción para atender un asunto y evadir la revisión judicial "en una etapa significativa y decisiva del proceso legal", Alvarado Pacheco y otros v. ELA, supra, pág. 616, pues eso convertiría los foros de jerarquía inferior en tribunales de última instancia, al inmunizar sus decisiones de nuestra intervención. Íd., págs. 615-616. Jamás igualamos nuestra jurisdicción unificada a una competencia universal para atender cualquier cosa en etapa original. Estaríamos agrandando nuestros poderes a expensas de los que la Constitución

delegó a las otras ramas para legislar lo referente a competencia.

Si en Alvarado Pacheco y otros v. ELA, supra, señalamos que el rol constitucional que la Sec. 2 del Art. V de la Constitución le otorga a la Rama Legislativa para legislar todo lo referente a la competencia de los tribunales no se puede usar para usurpar las facultades de este Tribunal como foro judicial de última instancia en un sistema de jurisdicción unificada, Const. P.R., Art. V, Sec. 3, supra, entonces, la contraparte de ese principio es que tampoco podemos usar ese rol como tribunal de mayor jerarquía para ignorar la división de competencia legislada para los tribunales. Si la Asamblea Legislativa no puede confundir los conceptos de jurisdicción y competencia para legislar lo primero con el pretexto de que atiende lo segundo, nosotros tampoco podemos otorgarnos el poder de reclamar jurisdicción con el pretexto de que lo que ejercemos es nuestra competencia.

Aun así, se nos plantea que tenemos jurisdicción para atender la moción presentada. Sin embargo, hay una realidad procesal innegable. En este caso nuestra jurisdicción cesó desde que remitimos el mandato al Tribunal de Primera Instancia. Colón y Otros v. Frito Lays, 186 DPR 135, 153 (2012); Pérez, Ex parte v. Dpto. de la Familia 147, DPR 556, 572 (1999). Esto no tiene que ver con el carácter unificado de los tribunales. Se reduce a que el caso no está en este Tribunal. Aquí aplica el principio general de que no se puede ejercer jurisdicción

si no la hay y que demostrada su ausencia el único curso de acción que está disponible es denegar lo que se trae ante nuestra consideración. González v. Mayagüez Resort & Casino, 176 DPR 848 (2009).

Consciente de ello, se nos plantea que la jurisdicción la tiene el Tribunal de Primera Instancia y que como sistema unificado lo que procede es "remitir directamente el asunto al foro de primera instancia para los trámites correspondientes del proceso de desacato […]". Voto particular disidente del Juez Asociado señor Estrella Martínez, pág. 10. Para eso se reclama la jurisdicción unificada del Tribunal General de Justicia. Const. P.R., Art. V. Sec. 2, supra.

Si decidiéramos hacer lo que se nos propone, debemos seguir la regla que promulgamos para ese tipo de situación excepcional en Freire Ayala v. Vista Rent, 169 DPR 418, 447 (2006). Ahora bien, en aquel caso resolvimos que la presentación de recursos en la secretaría del tribunal que no corresponde para forzar su traslado al foro competente afecta la buena marcha de los procesos judiciales y crea una carga a los tribunales. Se nos convierte, para todo efecto práctico, en el mensajero de los peticionarios, encargados de remitir la moción a la secretaría del tribunal primario. Por esa razón, resolvimos que quien pretende eso debe asumir los gastos y como medida

disuasiva se le debe requerir el pago de una cantidad que estimamos en aquel entonces en $400.[1]

¿Bajo qué fundamento vamos a eximir a los peticionarios del mismo trato? ¿Vamos a ser mensajeros gratuitos de los peticionarios? ¿Cómo se ganaron ese trato privilegiado? Podríamos remitir el asunto previo el pago de los $400, pero ¿no sería más conveniente y menos oneroso que los peticionarios eviten el desembolso tramitando su solicitud directamente en el tribunal que corresponde, mediante el mecanismo procesal correcto?

Es a eso a lo que se reduce el curso de acción del Tribunal y voto conforme con la Resolución presentada por consideración al orden procesal establecido y para no perjudicar innecesariamente a los peticionarios. En definitiva, todos estamos de acuerdo en que lo que se aduce en la moción se debe atender en el Tribunal de Primera Instancia. Para eso no hay que teorizar acerca de cuántos ángeles pueden bailar en la cabeza de un alfiler.

Rafael L. Martínez Torres
Juez Asociado

---

[1] Contrástese con lo sucedido en Horizon v. JTA. Revisora, RA Holdings, 191 DPR 228 (2014), en donde expedimos el auto de certiorari y ordenamos la transferencia del caso de nuestra Secretaría a la Secretaría del Tribunal de Apelaciones, sin imponerle el pago de los $400 a la parte peticionaria. Ese proceder se debió a que en ese caso tuvimos la oportunidad de aclarar una confusión que existía en relación a las revisiones administrativas de casos pendientes ante la Junta Revisora de Permisos y Uso de Terrenos de Puerto Rico. La parte actuó según lo permitía la ley recién emendada, a diferencia de este caso. Aquí la ley no crea ninguna confusión.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Asociación de Maestros de Puerto Rico, *et al.*<br><br>Peticionarios<br><br>v.<br><br>Sistema de Retiro para Maestros de Puerto Rico, *et al.*<br><br>Recurridos | CT-2014-2 |
| Educadores/as por la Democracia, Unidad, Cambio, Militancia y Organización Sindical, Inc., por sí y en representación de sus miembros, *et al.*<br><br>Peticionarios<br><br>v.<br><br>Sistema de Retiro para Maestros de Puerto Rico, *et al.*<br><br>Recurridos | Cons.<br><br><br><br><br><br>CT-2014-3 |

Voto particular disidente emitido por el Juez Asociado SEÑOR ESTRELLA MARTÍNEZ al cual se une el Juez Asociado SEÑOR RIVERA GARCÍA

San Juan, Puerto Rico, a 30 de junio de 2015.

Nuevamente, los maestros y maestras del sistema de educación pública tienen que buscar la protección de este Tribunal. En esta ocasión, debido a la actitud temeraria del Sistema de Retiro de Maestros de pretender imponer un interés de 9.5% para la acreditación de los servicios no

cotizados, a pesar de que el articulado de la Ley Núm. 160-2013, que establecía ese menoscabo, fue declarado inconstitucional por este Tribunal. Paradójicamente, una Mayoría de este Tribunal deniega la protección reclamada por los peticionarios en su *Moción sobre Incumplimiento de Sentencia*, en lugar de encaminarla inmediatamente en el curso de acción que les otorga un remedio adecuado, completo y oportuno. En consecuencia, DISIENTO.

I

El trasfondo de la petición que hoy está ante la consideración de este Tribunal tiene su origen en la aprobación de la Ley Núm. 160-2013, conocida como la Ley de Retiro para Maestros del Estado Libre Asociado de Puerto Rico, que reformó el Sistema de Retiro de Maestros de Puerto Rico (SRM). Mediante la referida legislación se pretendía menoscabar sustancialmente las relaciones contractuales de los maestros y maestras contratadas previas a esa legislación, sin auscultar medidas menos onerosas y con el alegado propósito de garantizar la solvencia del SRM.

Como consecuencia, los maestros y maestras acudieron al Tribunal Primera Instancia mediante una Demanda sobre Injunction Preliminar y Permanente y Solicitud de Sentencia Declaratoria, en la cual solicitaron la paralización de la implantación de la Ley Núm. 160-2013 y que se declarara nula e inconstitucional. Posteriormente, solicitaron a este Tribunal una certificación intrajurisdiccional, la cual fue acogida.

Luego de los procesos de rigor, el 11 de abril de 2014, este Tribunal determinó que la Ley Núm. 160-2013 es inconstitucional, ya que se aprobó sin un análisis adecuado y menoscabó sustancialmente las obligaciones contractuales del Estado Libre Asociado de Puerto Rico (ELA), sin que con ello se alcanzaran los objetivos por los cuales fue aprobada. Ante ello, determinamos expresamente que los Arts. 3.6, 3.9, 3.11, 4.3(a), 4.4, 4.6(a)(b)(c) y 5.1 a 5.5 de la Ley Núm. 160-2013 "son inconstitucionales en la medida que menoscaban sustancialmente y de forma irrazonable el derecho contractual que tienen los peticionarios demandantes en cuanto a su plan de retiro". AMPR *et als.* v. Sist. Retiro Maestros V, 190 DPR 854 (2014). En lo pertinente, ello incluyó declarar inconstitucional el acápite de la ley relacionada con la acreditación de servicios no cotizados que incluía el requerir a un participante del SRM el pago de las aportaciones correspondientes para acreditar estos servicios a un interés compuesto anual de 9.5%. La decisión de este Tribunal es final y firme.

Entretanto, la Junta de Síndicos del SRM aprobó el 28 de febrero de 2014 la Resolución 2014-001 mediante la cual aumentó el interés a cobrarse por servicios acreditables de un 2% a un 9.5%. Como consecuencia de ello, y ante la clara determinación de este Tribunal, los peticionarios acudieron nuevamente al Poder Judicial mediante Demanda de Sentencia Declaratoria e Injunction Preliminar y Permanente. En esa ocasión, cuestionaron la legalidad de la Resolución 2014-

001 al sostener que ésta no fue aprobada por la mayoría de los presentes conforme requiere el Art. 2.5 de la Ley 160-2013, 18 LPRA sec. 394d.

El Tribunal de Primera Instancia desestimó la acción presentada por los maestros y maestras, por lo que éstos acudieron al Tribunal de Apelaciones.[2] El foro apelativo intermedio emitió Sentencia el 19 de diciembre de 2014 mediante la cual revocó al Tribunal de Primera Instancia y dejó sin efecto la Resolución 2014-001 emitida por la Junta de Síndicos de la SRM. Ello, al concluir que la referida Resolución no fue aprobada por la mayoría de los presentes conforme dispone la ley aplicable. La Sentencia del Tribunal de Apelaciones advino final y firme.

Como corolario, los peticionarios gozan con dos dictámenes que favorecen su reclamo en cuanto a que no procede que el SRM cobre un interés compuesto al 9.5% para acreditar los servicios no cotizados. Sin embargo, sostienen que el SRM pretende cobrar el 9.5% de interés compuesto anual para que un maestro o maestra logre la acreditación de los servicios no cotizados haciendo referencia a las disposiciones de la Ley Núm. 160-2013 que fueron declaradas inconstitucionales por este Tribunal. En atención a esto, acuden a este Tribunal mediante *Moción sobre Incumplimiento de Sentencia* y sostienen que el SRM rehúsa de manera obstinada y contumaz acatar las determinaciones de los foros judiciales al requerir que la

---

[2] Véase, <u>Educadores/as por la Democracia y otros v. Sistema de Retiro para los Maestros de Puerto Rico</u>, KLAN201401222.

tasa aplicable al tiempo de servicio no cotizado es de 9.5%
en virtud del Art. 3.6(b)(3) de la Ley Núm. 160-2013. Ello,
a pesar de que éste fue declarado inconstitucional en AMPR
et als. v. Sist. Retiro Maestros V, *supra*. De esta forma,
nos suplican que encontremos incurso en desacato al SRM y
al ELA por no acatar la determinación judicial y no honrar
la tasa vigente antes de la Ley Núm. 160-2013.[3]

Por su parte, el SRM y el ELA se oponen a lo
solicitado, al cuestionar la jurisdicción de este Tribunal
para hacer cumplir su dictamen.

II

Sabido es que los tribunales gozamos de la potestad
para proteger y hacer cumplir nuestras sentencias y para
castigar la desobediencia, o resistencia contumaz a
nuestras órdenes y decretos. Ese poder resulta
indispensable para la adecuada y ordenada administración de
la justicia y la protección de los derechos de la
ciudadanía. Véanse, ELA v. Asoc. de Auditores, 147 DPR 669
(1999); Pueblo v. Pérez Díaz, 99 DPAR 788, 801 (1971).

Como consecuencia, no debería cuestionarse la facultad
o poder de cualquier tribunal para hacer cumplir su
sentencia. Máxime cuando nuestro Sistema Judicial es uno
unificado en cuanto a lo que concierne a la jurisdicción.
Art. V, Sec. 2 de la Constitución de Puerto Rico. Const.
PR, LPRA, Tomo 1, ed. 2008, pág. 412. Por tanto, cualquier
parte del Sistema Judicial tiene la facultad para resolver

---

[3]Previo a la aprobación de la Ley Núm. 160-2013, el
interés que la Junta de Síndicos del SRM había determinado
cobrar era de un 2%.

una causa y mucho más para hacer cumplir sus dictámenes. Véase, Voto particular del Juez Asociado señor Estrella Martínez en Alvarado Pacheco y otros v. ELA, 188 DPR 594 (2013); Vives Vázquez v. ELA, 142 DPR 117, 135 (1996). Sin embargo, ello no es óbice para que, en la sana administración de los procesos, exista una competencia definida entre los distintos tribunales y salas que integran el Tribunal General de Justicia. Cosme v. Hogar Crea, 159 DPR 1, 7 (2003).

El Art. V, Sec. 2 de la Constitución de Puerto Rico, delega en la Asamblea Legislativa el poder para crear y suprimir tribunales, con excepción del Tribunal Supremo. Const. P.R., LPRA, Tomo 1, pág. 402 (2008). A su vez, esta Sección confiere a la Asamblea Legislativa la facultad para determinar la **competencia y organización** del Tribunal General de Justicia.

En consecuencia, el ejercicio de este poder, por parte de la Asamblea Legislativa, queda sujeto a dos condiciones de umbral. En primer lugar, esa Rama no puede afectar la jurisdicción de los tribunales; sólo puede incidir sobre su competencia y organización. En segundo plano, la Rama Legislativa no puede emitir ley alguna que contravenga el Art. V, Sección 3 de la Constitución, el cual provee que el Tribunal Supremo de Puerto Rico es el Tribunal "**de última instancia** en Puerto Rico". (Énfasis suplido.) Art. V, Sec. 3, Const. P.R., LPRA, Tomo 1, pág. 412 (2008). Véase, también: Petrovich v. Srio. de Hacienda, 79 DPR 250, 260 (1956).

Sabido es que el término *jurisdicción* significa "el poder o autoridad de un tribunal para considerar y decidir casos o controversias". Rodríguez v. Registrador, 75 DPR 712, 717 (1953). La Constitución de Puerto Rico estableció que "[l]os tribunales de Puerto Rico constituirán un sistema judicial unificado en lo concerniente a jurisdicción...". Art. V, Sec. 2, Const. P.R., LPRA, Tomo 1. Ello implica que en Puerto Rico, "**cualquier parte del Sistema Judicial tiene la facultad para resolver una causa**". (Énfasis suplido.) Vives Vázquez v. ELA, *supra*, pág. 135. Véase, también, J. Trías Monge, El sistema judicial de Puerto Rico, San Juan, Ed. UPR, Sec. 6, pág. 136 (1978).

Ahora bien, lo anterior es diferente al concepto *competencia*. El término *competencia* implica la distribución del "trabajo judicial entre los distintos tribunales y salas que integran el Tribunal General de Justicia". Cosme v. Hogar Crea, 159 DPR 1, 7 (2003). En el caso particular del Tribunal Supremo, la Constitución le otorga *competencia en primera instancia* sobre autos de *habeas corpus* **y le reserva una *competencia en última instancia* sobre toda controversia judicial**. Asimismo, la Ley de la Judicatura y las Reglas de Procedimiento Civil, entre otras leyes especiales, le confieren al Tribunal Supremo competencia sobre ciertos recursos y casos en nuestro ordenamiento legal.

Por eso reitero que aunque ciertamente la Asamblea Legislativa puede afectar la competencia **legislativamente**

**conferida** a los distintos componentes del Tribunal General de Justicia, **ésta no tiene poder constitucional para limitar la jurisdicción del Tribunal General de Justicia, ni para afectar la <u>competencia en última instancia constitucionalmente reconocida al Tribunal Supremo de Puerto Rico</u>.**

Concretamente, cuando se trata del Tribunal Supremo, el Art. V, Sec. 3 de la Constitución de Puerto Rico limita esa facultad de la Rama Legislativa. Ello, pues, la Constitución expresamente dispone que el Tribunal Supremo es el Tribunal de última instancia en Puerto Rico. Consecuentemente, **el Tribunal Supremo siempre tendrá la discreción de ejercer oportunamente su competencia final sobre cada caso que se presente en los Tribunales de Puerto Rico.** Véase, Voto particular del Juez Asociado señor Estrella Martínez en <u>Alvarado Pacheco y otros v. ELA</u>, *supra*, págs.651-653.

Ante ese cuadro, contamos con el mecanismo para atender cualquier asunto pendiente ante el Poder Judicial, al igual que, ya sea *motu proprio* o a solicitud de parte, el poder de traer inmediatamente ante nuestra consideración cualquier asunto ante el Tribunal de Primera Instancia o el Tribunal de Apelaciones. Claro está, ese ejercicio de discreción debe ser utilizado en circunstancias que ameriten considerar cualquier cuestión novel de derecho o de alto interés público que incluyan cualquier cuestión constitucional sustancial, la constitucionalidad de una ley, resolución conjunta, resolución concurrente, regla o

reglamento. Véanse, Brau, Linares v. ELA *et als.*, 189 DPR 1068, 1073-1074 (2013); Alvarado Pacheco y otros v. ELA, *supra*.

III

En el caso de autos, el hecho de que el tribunal de mayor jerarquía haya emitido un mandato sobre el asunto que estaba pendiente ante su consideración no puede ser un estorbo al poder de este Tribunal para hacer cumplir nuestro dictamen sobre una controversia que fue considerada mediante un recurso de certificación intrajurisdiccional. Por supuesto, ello tampoco debe conllevar la obligación automática de que atendamos cada solicitud de cumplimiento de cualquiera de los dictámenes emitidos por este Tribunal. La sana administración de la justicia así lo dicta. Esencialmente, porque no podemos olvidar que nada nos impide certificar cualquier asunto ante el Tribunal de Primera Instancia o el Tribunal de Apelaciones en aquellos casos en los que se puedan menoscabar los derechos de las partes. Tal facultad responde a nuestra responsabilidad constitucional de impartir justicia mediante consideración oportuna de los reclamos de interés público, salvaguardar remedios justos y adecuados, y la política pública de fomentar el acceso a la justicia.

Tras evaluar el reclamo de los educadores, concibo que éste se fundamenta en dos hechos incuestionables. El primero de ellos, la determinación de inconstitucionalidad del Art. 3.6 de la Ley Núm. 160-2013 para cierto grupo de maestros y maestras, y el segundo, la determinación del

Tribunal de Apelaciones en cuanto a la nulidad de la Resolución 2014-001 emitida por la Junta de Síndicos del SRM. Como consecuencia, sostienen que el requerimiento de pago del interés de 9.5% de la Junta de Síndicos del SRM contraviene las decisiones de ambos foros judiciales, por lo que solicitan que se les encuentre incurso en desacato.

Dadas estas circunstancias particulares y mediando un dictamen previo de este Tribunal considero que procedía, dentro de nuestro sistema unificado de justicia, remitir directamente el asunto al foro de primera instancia para los trámites correspondientes del proceso de desacato que solicita la parte peticionaria. De tal forma, facilitamos el acceso a los tribunales y el manejo del proceso garantizando la solución justa, rápida y económica de todo procedimiento. Regla 1 de las de Procedimiento Civil de 2009, 32 LPRA Ap. V R.1.

IV

De acuerdo con lo expuesto, hubiera remitido directamente el asunto al Tribunal de Primera Instancia para el trámite correspondiente y no declinar la petición de los educadores y educadoras de nuestro sistema de educación pública.

Luis F. Estrella Martínez
Juez Asociado